UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHENEL DEROUSSEAU,

    Petitioner,

-vs-                                            Case No. 8:23-cv-2363-CEH-JSS

STATE OF FLORIDA,

    Respondent.
_____/

## ORDER

Petitioner, a Florida pretrial detainee at the Polk County Jail, filed a *pro se* petition for the writ of habeas corpus (Doc. 1). Petitioner contends his detainment is unconstitutional because his right to a speedy trial has been violated; he was subjected to an unreasonable search and seizure; and he has received ineffective assistance of counsel. As relief, he seeks dismissal of the charges against him.

## Discussion

As a state pretrial detainee, Petitioner may challenge his confinement as unconstitutional by petitioning for the writ of habeas corpus under 28 U.S.C. § 2241. *See Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) ("Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered."). This Court concludes, however, that the petition should be dismissed

under the *Younger* abstention doctrine and because Petitioner has not exhausted all available state court remedies.

A. Exhaustion

A federal district court may not grant a § 2241 petition "unless the petitioner has exhausted all available state remedies." *See Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985); *see also Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 n.4 (11th Cir. 2004) (explaining that courts apply the exhaustion requirement to a state pretrial detainee's § 2241 petition). Petitioner has not exhausted all available state remedies before filing his petition in this Court. Although he recently challenged his detainment by filing a petition for the writ of habeas corpus in the state circuit court, the petition is still pending.[1] Thus, this petition will be dismissed for failure to exhaust all available state remedies.

B. *Younger* doctrine

Even if Petitioner had exhausted all his state remedies, the petition would be dismissed because the *Younger* abstention doctrine precludes the Court from interfering with the ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). "When a petitioner seeks federal habeas relief prior to a pending state criminal trial

---

[1] The Court takes judicial notice of information on https://pro.polkcountyclerk.net/PRO/PublicSearch/FindPublicCase, viewed October 23, 2023, which reveals that Petitioner filed a petition for the writ of habeas corpus on September 6, 2023, in Case No. 2022CF003275A000XX, that remains pending.

the petitioner must satisfy the '*Younger* abstention hurdles' before the federal courts can grant such relief." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004). "[I]n the interests of comity, federal courts abstain from becoming involved in [ ] state court proceeding[s] with few exceptions. 'Proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand,' *Pennzoil v. Texaco, Inc.*, 481 U.S. 1, 14 (1987); *see also Younger v. Harris*, 401 U.S. 37 (1971)." *Solomon v. Manuel*, 2011 U.S. Dist. LEXIS 125689, at *2 (N.D. Fla. Oct. 4, 2011). Absent "extraordinary circumstances, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court." *Thompson v. Wainwright*, 714 F.2d 1495, 1503 (11th Cir. 1983) (citing *Younger*). Under *Younger*, federal courts should abstain from granting injunctive or declaratory relief affecting a state criminal prosecution absent: (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is not exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *Hughes*, 377 F.3d at 1263 n.6 (citing *Younger*, 401 U.S. at 45, 53-54).

Petitioner does not allege facts showing bad faith prosecution, irreparable injury, or the absence of an adequate state forum where the constitutional issues can be raised. Thus, he has failed to present facts that warrant this Court interfering in the normal functioning of Florida's criminal process.

Accordingly:

1. The petition (Doc. 1) is **DISMISSED** without prejudice under the *Younger* abstention doctrine and for failure to exhaust all available state remedies.

2. Petitioner is **DENIED** a certificate of appealability ("COA") because he cannot show "that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because Petitioner is not entitled to a COA, he may not appeal *in forma pauperis*.

3. The **Clerk** is directed to close this case.

**ORDERED** at Tampa, Florida, on October 27, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copy to: Petitioner, *pro se*